IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN CHRISTOPHER PLUNKETT, #36265-177, Petitioner, | § | |
| v. | § | No. 3:26-cv-03093-L (BT) |
| MS. CABALLERO, DIRECTOR, VOA HUTCHINS, Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Stephen Christopher Plunkett—a federal prisoner serving his sentence in a residential reentry center—filed a pro se habeas petition under 28 U.S.C. § 2241 challenging ongoing Bureau of Prisons (BOP) disciplinary proceedings against him. *See generally* Pet. (ECF No. 3). For the following reasons, the District Judge should dismiss Petitioner's habeas petition for failure to exhaust administrative remedies.

## Background

Petitioner was served with an Incident Report on September 8, 2026, charging him with "refusing to obey an order of any staff member" in violation of "Prohibited Act Code 307." *Id.* ¶¶ 3, 28. The Incident Report charges Petitioner with the purported "repeated offense of contacting a Fox News correspondent." *Id.*

¶31.[1] The Report also references "a pattern of repeated offenses involving behavioral infractions and policy violations." *Id.* ¶33.

On September 11, 2026, Petitioner filed a § 2241 habeas petition challenging his disciplinary proceedings, as a well as an emergency motion for a temporary restraining order and preliminary injunction to enjoin them. *See* Pet.; Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 3, 4). Petitioner argues that the Incident Report is vague, omitting details like the identity of the Fox News correspondent, when he allegedly contacted the correspondent, how he allegedly contacted the correspondent, what he said to the correspondent, what order Petitioner allegedly refused to obey, the person who issued the order, or the specific terms of the order allegedly violated. *See*, *e.g.*, *id.* ¶¶5, 30-47. According to Petitioner, these deficiencies deprived him of constitutionally adequate notice of the charges against him and rendered the Incident Report inadequate under BOP regulations. *Id.* ¶50-79. Petitioner fears that the disciplinary proceedings, if resolved against him, might result in his transfer from community confinement to institutional confinement. *Id.* ¶¶11, 83.

Petitioner admits that he did not exhaust administrative remedies before filing his habeas petition. *Id.* ¶¶94-96, 101-102. But he argues that exhaustion should be excused because the disciplinary proceedings might be resolved against

[1] Petitioner provided a picture of the Incident Report, but it is dark and difficult to read. *Id.* at 12.

him, and he might be transferred to institutional confinement, before he can complete the administrative remedy procedure. *Id.* ¶¶95-96, 98, 101-102.

On September 11, 2026, the District Judge denied Petitioner's motion for injunctive relief, finding that Petitioner failed to exhaust administrative remedies before filing the petition and therefore failed to show a substantial likelihood of success on the merits or irreparable harm. Ord. at 2 (ECF No. 5). The Court now recommends that the District Judge dismiss Petitioner's habeas petition without prejudice for the same reason.

**Legal Standards and Analysis**

A federal prisoner seeking relief under § 2241 generally must exhaust his administrative remedies through the BOP before presenting his claims in federal court. *See Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010) (per curiam) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Courts may sua sponte dismiss § 2241 petitions for lack of exhaustion. *See*, *e.g.*, *Pritchett v. Upton*, 2016 WL 7971334, at *2 (N.D. Tex. Dec. 30, 2016) (Horan, J.), *rec. accepted* 2017 WL 327475 (N.D. Tex. Jan. 23, 2017) (Lynn, J.).

Under the BOP's administrative remedy procedure, inmates and former inmates may "seek formal review of an issue relating to any aspect of his/her own

confinement." 28 C.F.R. § 542.10(a). This administrative remedy procedure applies to inmates like Petitioner who are confined in a residential reentry center. *Id.* § 542.10(b). Under 28 C.F.R. § 542.14(d)(2), Discipline Hearing Officer (DHO) appeals shall be submitted initially to the Regional Director where the inmate is currently located, which, in this case, is the South Central Regional Office for the BOP. *See* 28 C.F.R. § 542.14(d)(2). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. within 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel is the final administrative appeal in the BOP. *Id.*

There are some exceptions to the exhaustion requirement. A petitioner need not exhaust administrative remedies when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Such, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id.*

Here, Petitioner admits that he did not exhaust administrative remedies before filing his habeas petition. Pet. ¶94-96. Indeed, as best the Court can tell, Petitioner has not even received a disciplinary conviction yet. In any event, Petitioner argues that the Court should excuse the exhaustion requirement and consider his case now because "[a]dministrative review occurring only after

Petitioner has been removed from community confinement would not provide adequate protection against the immediate deprivation of liberty Petitioner seeks to prevent." *Id.* ¶98.

The Court finds this argument unpersuasive. Even if Petitioner is ultimately transferred to institutional confinement, he provides no authority that this could not be reversed through the administrative remedy process. At bottom, the BOP should be given the initial opportunity to determine whether Petitioner—again, assuming he receives a disciplinary conviction—was improperly punished and the chance to rectify that issue if so. *See*, *e.g.*, *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Petitioner has not shown any "extraordinary circumstances" that would excuse his failure to exhaust, so his petition should be dismissed without prejudice.

**Recommendation**

The District Judge should sua sponte dismiss Petitioner Stephen Plunkett's 28 U.S.C. § 2241 habeas petition for failure to exhaust administrative remedies.

SO RECOMMENDED.

September 17, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).