IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN CHRISTOPHER PLUNKETT,** | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:26-CV-3093-L-BT** |
| **MS. CABALLERO, DIRECTOR, VOA HUTCHINS,** | § | |
| Respondent. | § | |

**ORDER**

On September 17, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered, recommending that the court dismiss this habeas action, brought pursuant to 28 U.S.C. § 2241, for failure to exhaust administrative remedies. Instead of filing objections to the Report, Petitioner filed a Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12); an Emergency Motion to Amend Pursuant to Federal Rule of Civil Procedure 15 (Doc. 13); Emergency Amendments to Original Petition (Doc. 14); and a Declaration (Doc. 15). In addition, before the Report was entered, Petitioner filed a Motion for Disqualification and Recusal, seeking recusal of the undersigned (Doc. 6); and an Amended Motion for Recusal (Doc. 8).

The court **denies** Petitioner's Motions for Recusal (Docs. 6, 8). Petitioner asserts that he is not requesting that the undersigned recuse himself because of the court's prior rulings against him, yet this is precisely why he seeks recusal because he is unhappy with how the court "treated material evidence and legal authority" in a ruling on his constitutional claims. Recusal on this ground, however, is not appropriate or warranted.

Further, having considered his habeas petition, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies without prejudice** Petitioner's section 2241 Petition (Doc. 3) and **dismisses without prejudice** this action as a result of Petitioner's failure to exhaust administrative remedies.

The court also **denies** Petitioner's request to amend (Docs. 13-15). While Petitioner attempts to cure the exhaustion deficiency identified by the magistrate judge, exhaustion must be completed before the filing of a habeas petition and cannot be accomplished during litigation through an amended petition. Additionally, although Petitioner seeks to add new theories of habeas relief, the requirement of exhaustion applies equally to these claims. Petitioner contends that he cannot exhaust these claims because he is in the custody of the U.S. Marshal rather than the Bureau of Prisons, but he is currently housed at Federal Correctional Institution (FCI) Seagoville. Accordingly, the proposed amendments would not cure the deficiency identified by the magistrate judge.

The foregoing rulings moot Petitioner's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12). Accordingly, the court **denies as moot** this Motion (Doc. 12).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability,[*] as it determines that Petitioner has failed to show:

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order,

(1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 2nd day of October, 2026.

Sam A. Lindsay
United States District Judge

---

(b) the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(c) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.